IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PHT CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 04-060 GMS |
| v. | ) | |
| | ) | |
| | ) | |
| | ) | |
| INVIVODATA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| PHT CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 04-061 GMS |
| v. | ) | |
| | ) | |
| | ) | |
| | ) | |
| CRF, INC. | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| PHT CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 04-821 GMS |
| v. | ) | |
| | ) | |
| | ) | |
| | ) | |
| ETRIALS WORLDWIDE, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**SCHEDULING ORDER**

This __th day of March, 2005, the Court having conducted a teleconference with counsel on February 22, 2005, in Civil Case Nos. 04-060 GMS, 04-061 GMS and 04-821 GMS (the "Actions"), to discuss scheduling;

IT IS ORDERED that:

1. **Consolidation for Discovery Purposes.** The Actions are consolidated for the purposes of discovery. As set forth in Paragraph 13, below, on February 3, 2006 the Court will hold a Conference with counsel to discuss whether the Actions should be consolidated for the purposes of trial.

2. **Joinder of other Parties and Amendment of Pleadings**. All motions to join other parties and amend the pleadings shall be filed on or before July 1, 2005.

3. **Reliance Upon Advice of Counsel**. Defendant shall inform plaintiff whether it intends to rely upon advice of counsel as a defense to willful infringement no later than June 3, 2005. If defendant elects to rely on advice of counsel as a defense to willful infringement, defendant shall produce any such opinions on which defendant intends to rely to plaintiff no later than June 10, 2005.

4. *Markman* **Claim Construction Hearing**. A *Markman* claim construction hearing shall be held on April 19, 2005 at 9:00 a.m. The *Markman* hearing is scheduled for a total of five to six (5-6) hours with plaintiff having two to two and a half (2-2 1/2) hours and defendants having three to three and a half (3-3 1/2) hours. The parties shall exchange a list of claim terms they believe are in dispute and their construction of those terms on January 24, 2005 and meet and confer regarding narrowing and reducing the number of claim construction issues on February 4, 2005. On or before February 18, 2005, the parties shall submit a final joint claim

chart which shall include citations to intrinsic evidence. The parties shall submit opening briefs on March 11, 2005, and the answering claim construction briefs on April 1, 2005.

    5.    **Discovery**. All fact discovery in this case shall be initiated so that it will be completed on or before September 16, 2005. Expert discovery in this case shall be initiated so that it will completed on or before December 8, 2005. Opening expert reports on issues for which a party bears the burden of proof shall be exchanged on October 11, 2005; responsive expert reports on November 11, 2005.

    a.    **Discovery Disputes**. Should counsel find they are unable to resolve a discovery matter, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, by hand delivery or facsimile at (302) 573-6472, the party seeking relief shall file with the court a letter agenda not to exceed two (2) pages outlining the issues in dispute. Should the court find further briefing necessary upon conclusion of the telephone conference, the court shall order the party seeking relief to file with the court a **TWO PAGE LETTER**, exclusive of exhibits, describing the issues in contention. The responding party shall file within five (5) days from the date of service of the opening letter and answering letter of no more than **TWO PAGES**. The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

    6.    **Confidential Information and Papers filed under Seal**. Should counsel find it will be necessary to apply to the court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the court within 10 days from the date

of this order. When filing papers under seal, counsel should deliver to the Clerk and original and two copies of the papers.

**If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 5(a).**

7. **Settlement Conference**. Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement. If the parties agree that the possibility of settlement may be enhanced by such a referral, the parties shall contact Magistrate Judge Thynge to schedule a settlement conference with counsel and clients.

8. **Summary Judgment Motions**. Prior to filing a motion for summary judgment, a party must submit a letter brief to the Court seeking permission to file the motion. **Each party may elect to seek leave to file for early summary judgment pursuant to Paragraph 8 (a), or regular summary judgment, pursuant to Paragraph 8 (b), but not both.**

a. **Early Summary Judgment.** A party requesting permission to file for early summary judgment shall file with the Court an opening letter brief, which shall be no longer than five (5) pages, no later than June 2, 2005. Answering letter briefs shall be no longer than five (5) pages and filed with the Court no later than June 16, 2005. Reply letter briefs shall be no longer than three (3) pages and filed with the Court on or before June 23, 2005. The Court shall hold a teleconference to hear argument and to determine whether the filing of the motion(s) will be permitted on June 30, 2005, at 11:00 am.

b. **Regular Summary Judgment.** Those parties who do not seek leave to file for early summary judgment may seek leave to file for summary judgment under the following

schedule. The opening letter brief shall be no longer than five (5) pages and shall be filed with the Court no later than October 3, 2005. Answering letter briefs shall be no longer than five (5) pages and filed with the Court no later than October 17, 2005. Reply letter briefs shall be no longer than three (3) pages and filed with the Court on or before October 24, 2005. The Court shall hold a status conference to hear argument and to determine whether the filing of the motion(s) will be permitted on November 3, 2005, at 10:00 am. **Unless the Court directs otherwise, no letter requests to file a motion for summary judgment may be filed at a time before the dates set forth in paragraph 8(a) or (b).**

9. **Case Dispositive Motions**.

a. **Early Summary Judgment.** Should the Court permit the filing of early summary judgment motions pursuant to Paragraph 8(a), above, an opening brief and affidavits, if any, in support of each motion shall be served and filed on or before July 18, 2005. Parties must submit an original and two (2) copies. Answering briefs shall be served and filed on August 5, 2005 and reply briefs on or before August 17, 2005.

b. **Regular Summary Judgment.** Should the Court permit the filing of regular summary judgment motions pursuant to Paragraph 8(b), above, an opening brief and affidavits, if any, in support of each motion shall be served and filed on or before November 21, 2005. Parties must submit an original and two (2) copies. Answering briefs shall be served and filed on December 9, 2005 and reply briefs on or before December 21, 2005.

Any proposal to change the schedule set forth in Paragraph 9(a) or 9(b) shall be in writing and filed with the Court for approval.

10. **Applications by Motion**. Except as provided in this Order or for matters relating to scheduling, any application to the Court shall be by written motion filed with the

Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11. **Oral Argument**. If the Court believes that oral argument is necessary, the Court will schedule a hearing pursuant to Local Rule 7.1.4.

12. **Status/Daubert Conference**. On or before January 12, 2006, the parties shall submit a joint agenda identifying any Daubert issues that the parties intend to raise. If the parties believe a Daubert conference is needed, they will notify the Court.

13. **Conference Regarding Consolidation of Cases for Trial.** On February 3, 2006, the Court will hold a Conference with counsel beginning at 10:00 am, to discuss the parties' positions on whether separate trials in each of the Actions is appropriate, or whether two or more of the cases should be tried together.

14. **Pretrial Conference**. On March 6, 2006, the Court will hold a Pretrial Conference with counsel beginning at 10:00 am. Unless otherwise directed by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3). Thirty (30) days before the joint proposed pretrial order is due, plaintiff's counsel shall forward to defendant's counsel a draft of the pretrial order containing the information plaintiff proposes to include in the draft. Defendant's counsel shall, in turn, provide to plaintiff's counsel any comments on the plaintiff's draft as well as the information defendant proposes to include in the proposed pretrial order. Motions *in limine*: No party shall file more than ten (10) motions in limine. Briefs (**opening, answering and reply**) on all motions *in limine* shall be filed by February 22, 2006. Opening briefs shall be filed on or before February 7, 2006, answering briefs on or before February 16, 2006 and reply briefs on or

before February 22, 2006. Opening and answering briefs shall not exceed five (5) pages and reply briefs shall not exceed three (3) pages. The parties shall file with the court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before February 6, 2006.

        16.    **Trial**. These matters are tentatively scheduled for a ten (10) day jury trial beginning at 9:00 am on April 3, 2006. If the Court determines that it is not appropriate to consolidate the Actions for trial, the Court will schedule additional time for back-to-back proceedings.

        17.    **Scheduling**. The parties shall direct any requests or questions regarding the scheduling and management of the Actions to Chambers at (302) 573-6470.

_____
UNITED STATES DISTRICT JUDGE