# EXHIBIT B



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 09/001,032 | 12/30/97 | RAYMOND S | B00337700101 |

QM41/0929

PHILIP L CONRAD
BOOKSTEIN & KUDIRKA
ONE BEACON STREET
BOSTON MA 02108

| EXAMINER |  |
|---|---|
| GETZOW, S |  |
| ART UNIT | PAPER NUMBER |
| 3737 | 3 |

DATE MAILED:    09/29/98

**Please find below a communication from the EXAMINER in charge of this application.**

Commissioner of Patents



DOCKETED
OCT 8 1998
KUDIRKA & JOBSE, LLP
DOCKETED BY

| | INITIAL |
|---|---|
| File Folder | ☑ |
| Client Info Access | ☑ |
| Docket Entry | ☑ |
| Docket Cross Off | ☑ |
| Order Copies | ☐ |
| Annuities | ☐ |
| Other 12/29/98 | ☐ |

PHT 000493

PTOL-90 (Rev. 6/84)

2 - APPLICANT'S COPY

PHTeTRIALS000494

| | Application No. | Applicant(s) | |
|---|---|---|---|
| **Office Action Summary** | 09/001,032 | Raymond et al | |
| | Examiner | Group Art Unit | |
| | Scott M. Getzow | 3737 | |

☐ Responsive to communication(s) filed on _____ .

☐ This action is **FINAL**.

☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire _____ *3* _____ month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claims**

☒ Claim(s) *1-34* _____ is/are pending in the application.

☐ Of the above, claim(s) _____ is/are withdrawn from consideration.

☐ Claim(s) _____ is/are allowed.

☒ Claim(s) *1-34* _____ is/are rejected.

☐ Claim(s) _____ is/are objected to.

☐ Claims _____ are subject to restriction or election requirement.

**Application Papers**

☒ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

☐ The proposed drawing correction, filed on _____ is  ☐approved.  ☐disapproved.

☐ The specification is objected to by the Examiner.

☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

    ☐ All  ☐ Some*  ☐ None   of the CERTIFIED copies of the priority documents have been

        ☐ received.

        ☐ received in Application No. (Series Code/Serial Number) _____ .

        ☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    *Certified copies not received: _____

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

☐ Notice of References Cited, PTO-892

☒ Information Disclosure Statement(s), PTO-1449, Paper No(s). _____ *2* _____

☐ Interview Summary, PTO-413

☒ Notice of Draftsperson's Patent Drawing Review, PTO-948

☐ Notice of Informal Patent Application, PTO-152

**PHT 000494**

*— SEE OFFICE ACTION ON THE FOLLOWING PAGES —*

U. S. Patent and Trademark Office
PTO-326 (Rev. 9-95)                  **Office Action Summary**                  Part of Paper No. _____ **3**

PHTeTRIALS000495

Serial Number: 09/001,032                                                    Page 2

Art Unit: 3737

### *Claim Rejections - 35 USC § 112*

1.      Claim 33 is rejected under 35 U.S.C. 112, second paragraph, as being indefinite for failing

to particularly point out and distinctly claim the subject matter which applicant regards as the

invention.

Method claim 33 depends from apparatus claim 24. This situation renders claim 33 indefinite.

### *Double Patenting*

2.      The nonstatutory double patenting rejection is based on a judicially created doctrine
grounded in public policy (a policy reflected in the statute) so as to prevent the unjustified or
improper timewise extension of the "right to exclude" granted by a patent and to prevent possible
harassment by multiple assignees. See *In re Goodman*, 11 F.3d 1046, 29 USPQ2d 2010 (Fed.
Cir. 1993); *In re Longi*, 759 F.2d 887, 225 USPQ 645 (Fed. Cir. 1985); *In re Van Ornum*, 686
F.2d 937, 214 USPQ 761 (CCPA 1982); *In re Vogel*, 422 F.2d 438, 164 USPQ 619
(CCPA 1970);and, *In re Thorington*, 418 F.2d 528, 163 USPQ 644 (CCPA 1969).
        A timely filed terminal disclaimer in compliance with 37 CFR 1.321© may be used to
overcome an actual or provisional rejection based on a nonstatutory double patenting ground
provided the conflicting application or patent is shown to be commonly owned with this
application. See 37 CFR 1.130(b).
        Effective January 1, 1994, a registered attorney or agent of record may sign a terminal
disclaimer. A terminal disclaimer signed by the assignee must fully comply with 37 CFR 3.73(b).

3.      Claims 1-10,20-23,26-31,34 are rejected under the judicially created doctrine of

obviousness-type double patenting as being unpatentable over claims 1-17 of U.S. Patent

No. 5,778,882. Although the conflicting claims are not identical, they are not patentably distinct

PHT 000495

Serial Number: 09/001,032

Art Unit: 3737

Page 3

from each other because they are considered to be an obvious broadening of the claims of the

parent patent.

4.     Claims 11-19,24,25,32,33 are rejected under the judicially created doctrine of double

patenting over claims 1-17 of U. S. Patent No. 5,778,882 since the claims, if allowed, would

improperly extend the "right to exclude" already granted in the patent.

The subject matter claimed in the instant application is fully disclosed in the patent and is

covered by the patent since the patent and the application are claiming common subject matter, as

follows: the addition of a strap is fully disclosed in the parent patent.  Further, since the term

'comprising' does not limit the claims of the present application to the subject matter explicitly

stated therein, but also includes subject matter disclosed, but not claimed, in the specification,  the

claims of the parent patent are considered to include the strap, although not explicitly claimed.

Therefore, allowance of the present claims, which call for the addition of a strap, would

impermissibly extend applicants' coverage.

Furthermore, there is no apparent reason why applicant was prevented from presenting

claims corresponding to those of the instant application during prosecution of the application

which matured into a patent.  See *In re Schneller*, 397 F.2d 350, 158 USPQ 210 (CCPA 1968).

See also MPEP § 804.

PHT 000496

Serial Number: 09/001,032                                    Page 4

Art Unit: 3737

### *Claim Rejections - 35 USC § 103*

5.     The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness

rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in
> section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are
> such that the subject matter as a whole would have been obvious at the time the invention was made to a person
> having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the
> manner in which the invention was made.

6.     Claims 1-9,20,26-31,34 are rejected under 35 U.S.C. 103(a) as being unpatentable over

Fang et al '552.

Fang teaches a health monitor which stores various signals from multiple sensors. The device also

allows for the collection of the patient's 'psychological' condition, (column 1, lines 65+).

Further, the term 'intermittent' is considered to be obvious over the teachings of Fang since Fang

sets forth in column 8 means for shutting down part of the monitor in order to save battery

energy. Also, the word ;portable' has a very broad meaning. Still further, to provide a time base,

as set forth in applicant's claims, is considered to have been obvious over Fang since the data

recorded in Fang would be nonsensical if it were not orderly produced and stored relative to some

time frame.


7.     Claims 11,13-16,19,24,32 are rejected under 35 U.S.C. 103(a) as being unpatentable over

Xu et al ('Multichannel Ambulatory Monitoring of Circulation Related Biosignals').

Xu teaches a device which monitors and stores data from a variety of sensors. To have a time

base would have been obvious to use with Xu for reasons mentioned supra. Further, the strap of

PHT 000497

Serial Number: 09/001,032                                    Page 5

Art Unit: 3737

Xu, shown in figure 3, would have been obvious to modify to enable all of the electrodes to fit on

in order to detect ECG and respiration, for example, in light of the other art cited which show

electrodes located on a strap.

8.      Any inquiry concerning this communication or earlier communications from the examiner

should be directed to Scott Getzow whose telephone number is (703) 308-2997.

smg

September 28, 1998

PHT 000498