# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PHT CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 04-60 (GMS) |
| v. | ) | |
| | ) | |
| | ) | |
| | ) | |
| INVIVODATA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| PHT CORPORATION, | ) | |
| | ) | C.A. No. 04-61 (GMS) |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| | ) | |
| CRF, INC., | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| PHT CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 04-821 (GMS) |
| v. | ) | |
| | ) | |
| | ) | |
| | ) | |
| ETRIALS WORLDWIDE, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## STIPULATED PROTECTIVE ORDER

The plaintiff, PHT Corporation ("PHT"), and the defendants, Invivodata, Inc. ("Invivodata"), CRF, Inc. ("CRF) and eTrials Worldwide, Inc. ("eTrials"), have agreed that certain information, documents and things subject to discovery in this action may be claimed to contain sensitive, non-public information and/or to contain confidential, proprietary, or trade secret information.  In the interest of expediting discovery and permitting discovery to proceed without delay occasioned by possible disputes regarding claims of confidential information, the parties have further agreed to provide access to and to receive such information, documents and things subject to certain protective provisions set forth below.

Subject to approval of the Court, it is hereby stipulated that:

1.    <u>Designation of Documents and Things as Confidential</u>.  With respect to such matter that has been or will be sought or produced during discovery, the Producing Party[1] may identify or otherwise designate such matter as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" (a/k/a "HIGHLY CONFIDENTIAL") or "Highly Confidential Source Code" (collectively, "Designated Material").  Information, documents, and things that a Producing Party in good faith believes constitutes or contains nonpublic, confidential or proprietary information, may be designated as "CONFIDENTIAL."  Information, documents and things that a Producing Party in good faith believes constitutes or contains proprietary, trade secret and/or other sensitive confidential research, development, business, commercial or financial information, the disclosure of which to another party to this litigation can reasonably be

---

[1]    "Producing Party" is defined to include parties as well as nonparty persons or entities subject to discovery in this action.  The provisions of this Protective Order shall fully apply to information, documents or things designated "Confidential," "Confidential – Attorneys' Eyes Only" and "Highly Confidential Source Code" by a Producing Party.

expected to lead to competitive harm to the Producing Party, may be designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY." Proprietary computer source code may be designated as "Highly Confidential Source Code."

2.      Treatment of Information Made Available for Inspection. Any and all information, documents and things that are made available for inspection, with the exception of information designated as "Highly Confidential Source Code," shall be treated as having been designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Protective Order, whether or not so marked, until copies of the information, documents and things are requested and produced. Produced documents and things, and information therein, shall be held pursuant to this Protective Order based on the designation, if any, marked on the documents by the Producing Party.

3.      Uses of Confidential Information. Any information, documents or things designated as "Confidential," "Confidential – Attorneys' Eyes Only" or "Highly Confidential Source Code" by a Producing Party shall be used by the Discovering Party[2] solely for the preparation and trial of this lawsuit, settlement discussions and negotiations in connection with this lawsuit, or any form of alternative dispute resolution of this action, and for no other purpose.

4.      Identification of Documents and Things: All documents and things provided in discovery by each Producing Party shall bear identifying numbers when a copy or copies are provided to the Discovering Party. The party producing the documents and things shall be clearly identified by identifying numbers and/or letters stamped on the documents or things pursuant to this Section 4.

---

[2] "Discovering Party" is defined to mean any party to this action receiving information, documents or things from a Producing Party.

5.    "Confidential" Information – Permitted Disclosure.  Information, documents and things designated as "CONFIDENTIAL" by a Producing Party in accordance with Section 1, shall not be disclosed, given, shown, made available or communicated in any way, directly or indirectly, by the Discovering Party to anyone other than the following persons:

a.    the Court and court personnel;

b.    outside counsel for the Discovering Party, including trial counsel, local counsel,  and their respective legal assistants and clerical employees, as well as outside copying and computer services;

c.    outside consultants or independent non-party experts (each referred to herein as an "Expert") for the sole purpose of providing expert consultation or testimony in this action or otherwise to assist in the preparation of this action for trial, but such disclosure shall be subject to the requirements of paragraph 8.b. below;

d.    any person who is an author, addressee, or who has been identified as a person who has received the designated document or thing;

e.    court reporting and deposition videography services and other third party vendors who provide document management, database, graphics or other litigation support services in connection with this action;

f.    any other person employed or otherwise retained by a Discovering Party who has acknowledged adherence to the terms of this Order without objection or after Order of the Court following compliance with the procedures set forth in paragraph 8.a. below.

6.    "Confidential – Attorneys' Eyes Only" Information – Permitted Disclosure. Information, documents and things designated as "CONFIDENTIAL – ATTORNEYS' EYES

ONLY" by a Producing Party in accordance with Section 1, shall not be disclosed, given, shown, made available or communicated in any way, directly or indirectly, by the Discovering Party to anyone other than the following persons:

      a.     the Court and court personnel;

      b.     outside counsel for the Discovering Party, including outside trial counsel and local counsel, and their respective legal assistants and clerical employees, as well as outside copying and computer services, provided that such attorneys shall not be provided access to "CONFIDENTIAL - ATTORNEY'S EYES ONLY" information if such attorneys

      (1) currently participate in, direct or supervise any patent prosecution activity involving Electronic Diary technology ("the Subject Matter"). During the pendency of this litigation and for one year after the full and final conclusion of this litigation, including all appeals, those attorneys at outside counsel for the parties defined above who are provided access to "CONFIDENTIAL - ATTORNEY'S EYES ONLY" materials covered by this order will not participate in, direct or supervise any patent prosecution activity in the United States Patent and Trademark Office or with any patent office outside the United States involving the Subject Matter, or

      (2) currently provide non-legal, business advice or non-legal, business representation to clients in the Electronic Diary industry wherein the highly sensitive business-related financial information of any opposing party would be relevant to such non-legal, business advice or non-legal, business representation. During the pendency of this litigation and for one year after the full and final conclusion of this litigation, including all appeals, those attorneys at outside counsel for the parties defined above who are provided access to "CONFIDENTIAL - ATTORNEY'S EYES ONLY" materials covered by this order will not provide non-legal, business advice or non-legal, business representation to clients in the Electronic Diary industry wherein the highly sensitive

5

LITDOCS/583610.1

business-related financial information of any opposing party would be relevant to such non-legal, business advice or representation.;[3]

      c.      outside consultants or independent non-party experts (each referred to herein as an "Expert") for the sole purpose of providing expert consultation or testimony in this action or otherwise to assist in the preparation of this action for trial, but such disclosure shall be subject to the requirements of paragraph 8.b. below;

      d.      any person who is an author, addressee, or who has been identified as a person who has received the designated document;

      e.      court reporting and deposition videography services and other third party vendors who provide document management, database, graphics or other litigation support services in connection with this action; and

      f.      any other Person as to whom the Producing Party agrees in writing.

**7.**      Highly Confidential Source Code – Permitted Disclosure

      a.      Source code may be disclosed only to outside counsel of record (and their staff), qualified experts who have signed the Acknowledgment attached hereto, and independent litigation support services and personnel retained in this action.

      b.      The producing party will make its Highly Confidential Source Code available for inspection at one of the U.S. offices of its counsel of record in this case (listed below), with the receiving party designating the office to be used:

---

[3] The restrictions set forth in subsections 6(b)(1) and 6(b)(2) shall also apply retroactively to attorneys to whom "CONFIDENTIAL – ATTORNEY'S EYES ONLY" materials covered by this order were disclosed pursuant to Local Rule 26.2 prior to the entry of this protective order.

LITDOCS/583610.1

(1)     the Boston, New York or Washington D.C. office of Ropes & Gray LLP or the Wilmington office of Morris, Nichols, Arsht & Tunnell in the case where eTrials is the producing party;

(2)     the Boston, Hartford, New York or Washington D.C. office of Bingham McCutchen LLP or the Wilmington office of Potter, Anderson & Corroon LLP in the case where CRF is the producing party;

(3)     the Washington D.C. office of Howrey, Simon, Arnold & White or the Wilmington office of Potter, Anderson & Corroon LLP in the case where invivodata is the producing party;

(4)     the New York or Washington D.C. office of Covington & Burling or the Wilmington office of Young, Conaway, Stargatt & Taylor LLP in the case where PHT is the producing party.

c.     The Highly Confidential Source Code will be made available on the hard drive of a standalone, non-networked computer that is sufficiently state-of-the-art (in terms of processor speed, memory, etc.) to support a review of the source code, equipped with a viewing program compatible with the source code, and connected to a printer. The computer will be made available in an office or other room that ensures the privacy of the code reviewer.

d.     The receiving party's outside counsel of record and/or qualified expert may review the Highly Confidential Source Code during the normal business hours of 9 am to 5 pm with reasonable (at least 24 hours) advance notice.

e.     Limitations on Printing and Copying - The reviewer may not copy, photograph, or otherwise record an Highly Confidential Source Code, including without limitation to a CD, floppy disk, USB storage device, or any other medium, other than by printing

onto pre-numbered paper as specified in subparagraph (1) or by making handwritten notes as specified in subparagraph (2). To this end, the reviewer may not bring a laptop or PDA into the reviewing room or type notes concerning the source code into any device.

   (1)  The reviewer may print out such portions of the Highly Confidential Source Code as are reasonably necessary to the analysis or investigation being performed by the reviewer in connection with this case. Printouts shall be made only on paper pre-numbered with production numbers and bearing the legends "Highly Confidential Source Code" and "CA Nos. 04-60, 04-61 and 04-821 (GMS)" (pre-numbered paper to be made available by the producing party). A copy of any printouts shall be turned over to the producing party's outside counsel and then, as soon as reasonably possible but in any event within two (2) business days of being printed, produced to the receiving party's outside counsel of record (with the original retained by the producing party or its outside counsel of record).

   (2)  The reviewer may make handwritten notes as reasonably necessary to facilitate his or her review of the Highly Confidential Source Code. Any such handwritten notes promptly shall be stamped or labeled with the legend specified in paragraph (e)(1).

   f.  <u>Storage and Maintenance of Printouts</u> – Any copies of Highly Confidential Source Code printouts must be maintained by the receiving party's outside counsel and outside experts separately and segregated from all other Designated Material received from the producing party.

   g.  <u>Submissions to the Court</u> – Unless otherwise permitted by the Court or by prior written authorization of the producing party, a receiving party's outside counsel of record in this action and independent experts and their staff retained in this action may excerpt portions of a producing party's Highly Confidential Source Code to create presentations, briefs, or

exhibits for submission to the Court provided that the amount of excerpted code shall not exceed that which is reasonably necessary for the intended purpose of the submission.

        h.    <u>Limitations on Transport and Transmission</u> – Any person receiving printouts of or handwritten notes concerning Highly Confidential Source Code of another under this protective Order shall transport it only via hand carry, FedEx, or other similarly reliable courier. Printouts of or handwritten notes concerning Highly Confidential Source Code may not be transported or transmitted by email, fax, or other electronic means, or over a network of any kind, including over a local area network (LAN), intranet or the Internet.

        **8.**    <u>Requirements for Disclosure to Certain Designated Persons / Experts.</u>

        a.    Each individual to whom CONFIDENTIAL material is to be disclosed pursuant to subsection 5.f. above, shall acknowledge in writing prior to such disclosure, by signing the Acknowledgement attached hereto, that he or she has been informed of this Protective Order, that he or she has been provided with a copy thereof, that he or she fully understands and agrees to his or her obligations pursuant to this Protective Order, that he or she fully understands that the intentional or willful violation of the terms of the Stipulation and Order may constitute contempt of court; that he or she fully understands that a violation of terms of the Stipulation and Order may subject the offending party to civil damages and equitable relief and that he or she consents to the personal jurisdiction of the United States District Court for the District of Delaware in respect to any proceeding relative to enforcement of this Stipulation and Order, including any proceeding relative to contempt of court. Signed copies of such acknowledgments shall be served on counsel for the Producing Party by the Discovering Party prior to such disclosure. It shall be the obligation of the Discovering Party and its counsel to obtain and maintain copies of such acknowledgments. If no objection to the disclosure is made

LITDOCS/583610 1

by the Producing Party in writing and received by the Discovering Party within ten (10) days after service of the signed acknowledgement of a specific individual, disclosure of CONFIDENTIAL information to such individual by the Discovering Party may occur. If there is any such objection, however, such disclosure shall not occur except upon further Order of the Court or the written agreement between the parties. Notwithstanding the foregoing, at a court hearing or deposition, a witness's failure to certify the above in writing shall not prevent any Party from questioning such a witness with respect to CONFIDENTIAL information or from disclosing Confidential Information to such a witness (and to his or her counsel) during the course of the court hearing or deposition for the purpose of conducting such questioning.

    b.  The following provisions shall apply to the disclosure of Designated Material to an Expert pursuant to subsections 5.c. or 6.c. above:

    (1)  Not less than ten (10) days prior to the disclosure of Designated Material to an Expert, the party contemplating such disclosure shall give written notice to the Producing Party. The required Notice shall include at least the following information: the full name and business address of the Person to whom the Party proposes to make disclosure; the Person's curriculum vitae, resume, or other document identifying, at a minimum, the Person's post-secondary educational degrees, current employer and title/position, and any titled positions currently held by such person with industrial or trade organizations; and identification of each of the Person's employers, positions with such employers, and consulting clients over the preceding five (5) years. If the Person believes that the fact of the consulting relationship is itself confidential, the required Notice may be marked "Confidential" or "Confidential – Attorney's Eyes Only" in accordance with section 1, above. Identification of a Person pursuant to this

subparagraph shall not, itself, give rise to a right to depose the Person as an expert or consultant.

(2)    Such Expert shall acknowledge in writing, by signing the Acknowledgement attached hereto, that he or she has been informed of this Protective Order, that he or she has been provided with a copy thereof, and that he or she fully understands and agrees to his or her obligations pursuant to this Protective Order. A copy of such acknowledgment shall be served on counsel for the Producing Party along with the written notice provided for in subsection 8.b.(1).

(3)    If the Producing Party does not object in writing within ten (10) days after service of the written notice and acknowledgment, disclosure of the Designated Material to such individual may occur. If the Producing Party objects to the proposed disclosure, whether in whole or in part, the Producing Party shall state the reason(s) for its objection(s) in writing. If the Producing Party objects to the proposed disclosure, the Parties shall meet and confer in a good faith attempt to resolve any challenge on an expedited and informal basis. If the Parties are unable to resolve the dispute expeditiously and informally, the Producing Party shall apply for appropriate ruling(s) from the Court no later than 30 days after receiving the Notice. Failure to apply for appropriate ruling(s) from the Court in a timely fashion shall constitute waiver by the Producing Party of its objections and approval of the proposed disclosure. Notwithstanding the Producing Party's obligation to seek appropriate ruling(s) from the Court, the Party proposing to make the disclosure also may seek appropriate ruling(s) from the Court. No party shall oppose a motion made pursuant to this subparagraph on the ground that the motion is made on an expedited basis. While any such timely filed

LITDOCS/583610.1

motion is pending, and during the interim between a timely filed objection and the timely

filing of a corresponding motion, the Party seeking to make the proposed disclosure shall

refrain from so doing.  The Producing Party shall bear the burden of demonstrating that

disclosure of the Material and information to the proposed non-party expert or consultant

would prejudice the Producing Party.

9.    <u>Requirements for Disclosure to Individuals Generally</u>.  All individuals to whom

Designated Material is to be disclosed, except for counsel for all parties other than the Producing

Party, including trial counsel, local counsel, and their respective legal assistants and clerical

employees, shall acknowledge in writing prior to such disclosure, by signing the

Acknowledgement attached hereto, that he or she has been informed of this Protective Order,

that he or she has been provided with a copy thereof, that he or she fully understands and agrees

to his or her obligations pursuant to this Protective Order, that he or she fully understands that

the intentional or willful violation of the terms of the Stipulation and Order  may constitute

contempt of court;  that he or she fully understands that a violation of terms of the Stipulation

respective stenographic and clerical employees. Notwithstanding the foregoing, at a court hearing or deposition, a witness's failure to certify the above in writing shall not prevent any Party from questioning such a witness with respect to Designated Material or from disclosing Designated Material to such a witness (and to his or her counsel) during the course of the court hearing or deposition for the purpose of conducting such questioning.

   10.   <u>Non-Testifying Experts</u>. To the extent a designated individual to whom Designated Material may be disclosed pursuant to subsections 5.c. or 6.c. of this Protective Order is or may be a non-testifying Expert consulted by counsel, the following provisions are applicable:

   a.   No party will be deemed to have waived any work-product privilege by disclosing the name of a non-testifying Expert to whom counsel intends to show Designated Material.

   b.   No non-testifying Expert disclosed pursuant to subsection 8.b. will be subject to deposition or subpoena as a witness at trial based solely on the fact that he/she was the subject of such disclosure. This provision is not intended to preclude the deposition or trial testimony of any individual whom a party believes in good faith has independent knowledge of facts relevant to the case.

   c.   Counsel's consultation with a non-testifying Expert will not be used at deposition or trial for any purpose, including the cross-examining of any witness or testifying Expert.

   d.   The identity of a non-testifying Expert disclosed pursuant to subsection 8.b may be disclosed to counsel and employees of the Producing Party only to the extent necessary to determine if an objection to the proposed disclosure is warranted. Such

disclosure, the process of determining the necessity of an objection and the process of making an objection, including affidavits filed in support of such an objection, will not be the subject of depositions or used at trial for any purpose.

       e.      Nothing in this Section 10 is intended to limit discovery of to or with regard to Experts who produce reports in this case in anticipation of testifying at trial.

     **11.**    <u>Designation of Interrogatory Answers or other Written Discovery Responses</u>.  In the case of interrogatory answers or other written discovery responses disclosing Confidential Information, designation shall be made by placing one of the following legends on each page of such answer: "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEY'S EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE."

     **12.**    <u>Designation of Deposition Testimony</u>.  For depositions taken in this litigation, a party may designate testimony as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE" by so advising the court reporter during the course of that testimony for which CONFIDENTIAL, CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL SOURCE CODE treatment is desired, or by so advising opposing counsel in writing within thirty (30) days of receipt of the transcript.  Until such thirty (30) days have expired, the entire transcript shall be treated as having been designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

     **13.**    <u>Designation of Documents Filed in Court</u>.  Any discovery papers, including deposition transcripts, exhibits or other documents, and any court documents such as briefs or motions, to be filed with the Court and that include Designated Material shall be sealed in an envelope and accompanied by a cover sheet that includes the following: (i) the caption of the case, including the case number; (ii) the title "RESTRICTED DOCUMENT PURSUANT TO

14

PROTECTIVE ORDER"; (iii) the following statement: "In accordance with the Protective Order entered on [Insert Date] in Case Nos. 04 CV 60, 04 CV 61 and 04 CV 821, the contents of this envelope are filed as restricted and this envelope shall not be opened except by subsequent Order of the Court."; and (iv) the signature of the attorney of record filing the document.

**14.**   Use and Disclosure of Designated Material.

a.   No Designated Material may be utilized in examining or cross-examining any witness in deposition except a witness authorized to see the Designated Material under Sections 5 or 6, or any witness who is at the time of deposition or was at the time of the creation of the material, employed by the party producing the document and reasonably likely to have discoverable information concerning the material; provided, however, that the resulting transcripts shall be treated as CONFIDENTIAL, CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL SOURCE CODE in the same manner as the underlying documents or information.

b.   If any party wishes to disclose any Designated Material to anyone in addition to those identified in Sections 5 and 6, notice shall be served on counsel for the party who designated the subject matter.   The notice shall include the identity of the person to whom disclosure is desired, the information to be disclosed, the need and purpose for the disclosure, and a signed copy of the Acknowledgement attached hereto (as duly executed by that person).   If there is no objection made in writing within ten (10) days after such notice, the disclosure may occur.   If there is any such objection, such disclosure shall not occur except upon further Order of the Court or by written agreement of the party making such objection.

15. <u>Disclosure at Trial</u>. This Protective Order is intended to facilitate discovery and pretrial preparation by protecting from disclosure Designated Material produced in this case during the pretrial phases of the litigation. This Order does not concern the protection of Designated Material during a trial in this matter. Prior to trial of this matter, counsel for the parties shall attempt to reach agreement on the handling of information, documents and things designated "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE" at trial, and shall submit such agreement, or proposals if no agreement can be reached, to the Court for consideration.

16. <u>Limitations on Restrictions</u>. The restrictions of this Protective Order shall not apply to any information which in the future is made known to the Discovering Party on a non-confidential basis by the Producing Party, or which is otherwise subsequently made known to the Discovering Party on any basis by any source other than the Producing Party, which source is completely independent of the Discovering Party; further, said restrictions shall not apply to any information which the Discovering Party shall establish was already known to it at the time of disclosure, or has been or becomes a matter of public knowledge, or publicly available, subsequent to disclosure through no act of the Discovering Party.

17. <u>Prohibited Use of Designated Material</u>. Subject to the provisions of Section 16, regardless of the classification of documents and things as Designated Material or non-confidential, no documents or things produced by either party in connection with this litigation, and no information contained therein, shall be used by a Discovering Party in connection with marketing efforts, press releases or news conferences relating to this litigation without the prior, express written consent of the Producing Party.

LITDOCS/583610 1

18.    <u>Limited Intent of Protective Order</u>.  It is not the intention of this Protective Order to deal with any discovery objection to produce, answer or respond, including those on the grounds of attorney-client privilege or work product doctrine, or to preclude any party from seeking further relief, modification of this Protective Order, or additional protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

19.    <u>Challenging a Confidential Designation</u>.  At any time, the Discovering Party may notify the Producing Party, in writing, of an objection to the designation of certain information, documents or things by identifying each document or thing which the Party contends is not protectable as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE," and stating why it believes each document or thing is not protectable.  No later than ten business days after the Producing Party's receipt of such Notice, the Parties shall meet and confer in a good faith attempt to resolve any challenge on an expedited and informal basis.  If the parties are unable to reach an agreement on the disputed confidential designation, the Discovering Party may apply to the Court for an Order removing such designation, and the Producing Party shall respond with its reasons for making the designation.  The party claiming confidentiality bears the burden of establishing the confidential nature of the information.  As provided by law, other third parties with a legitimate interest in this litigation may also challenge the designation of certain information, documents or things as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," pursuant to this Section 18.

20.    <u>Inadvertent Disclosure</u>.  A Producing Party that inadvertently produces unlabeled confidential information may subsequently furnish substitute copies properly labeled to the Discovering Party, along with written notice that such information is CONFIDENTIAL,

17

CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL SOURCE CODE. The Discovering Party must treat such information as CONFIDENTIAL, CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL SOURCE CODE, whatever the case may be, upon receipt of such written notice and promptly return all copies of the information not so-designated.

21.    Termination of this Action. This Stipulation and Order, insofar as it restricts the dissemination and use of Designated Material, shall continue to be binding throughout and after the conclusion of this litigation, including any appeals. Within sixty (60) days after final disposition of this litigation, including all appeals therefrom, all Designated Material, copies of Designated Material, and all excerpts therefrom, in the possession, custody or control of the parties other than the Producing Party shall be destroyed or returned to counsel for the Producing Party, except that HIGHLY CONFIDENTIAL SOURCE CODE must be returned. The parties and their respective counsel shall each provide written certifications to the Producing Party within sixty (60) days after the final disposition of this litigation that the actions required by this paragraph have been completed. Notwithstanding the foregoing, outside counsel for each Party shall be entitled to retain one complete and unredacted set of all filings, court papers, deposition and trial transcripts, deposition and trial exhibits, and attorney work product (regardless of whether such materials contain or reference Designated Material), provided that such outside counsel, and employees and agents of such outside counsel, shall not disclose any Designated Material contained or referenced in such materials to any person except pursuant to court order or agreement with the Producing Party.

22.    **Miscellaneous. (a)** Nothing in this Stipulation and Order shall bar or otherwise restrict any outside counsel or in-house counsel from discussing this action and/or rendering

legal advice to his or her client with respect to this litigation and, in the course thereof, relying upon his or her examination of Designated Material provided, however, that in rendering such advice and in otherwise communicating with his or her client, such person shall not make any disclosure of Designated Material to any person not entitled to have access to it.  (b) Nothing in this Stipulation and Order shall preclude any Party or its counsel of record from disclosing or using, in any manner or for any purpose, any information or documents from the Party's own files which the Party itself has designated as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "Highly Confidential Source Code."  (c) The provisions of this Stipulation and Protective Order shall survive the termination of this litigation.  (d) The inadvertent or unintentional disclosure by a Producing Party of information subject to a claim of attorney-client privilege or work product immunity shall not be deemed a waiver in whole or in part of the claim of privilege or work product immunity, either as to the specific information disclosed or as to any other information relating thereto.  If a Producing Party has inadvertently produced Material subject to a claim of immunity or privilege, the receiving Party(ies), upon written request, shall promptly return the inadvertently produced Material, and all copies thereof that may have been made.  A Party returning such information may move the Court for an order compelling production of such information (1) on grounds other than waiver by its earlier production, or (2) on grounds that the Producing Party did not act promptly to request return of the documents subject to a claim of privilege upon discovering the inadvertent production and that return of the documents would unfairly prejudice the receiving party.  If  upon receipt of a written request to return allegedly inadvertently produced material subject to a claim of privilege, the receiving party notifies the Producing Party in writing of its intent to file a motion on ground (2) above, the receiving party shall retain the right to keep copies of the disputed documents for

solely for purposes of filing the motion, but may make no further use of the documents until the motion is decided by the Court

DONE AND ORDERED THIS _____ day of _____, 2005

_____
UNITED STATES DISTRICT COURT JUDGE

STIPULATED AND AGREED TO:

PHT CORPORATION

By: _____
Josy W. Ingersoll
Young Conaway Stargatt & Taylor L.L. P.
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
jingersoll@ycst.com

Anthony Herman
N. Whitney Wilson
Scott C. Weidenfeller
Covington & Burling
1201 Pennsylvania Ave.
Washington, DC 20004-2401

INVIVODATA, INC.

By: _____
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market St.
Wilmington, DE 19899
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Cecilia H. Gonzales
Howrey Simon Arnold & White, LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004

CRF, INC.

By: _____
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market St.
Wilmington, DE 19899
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Victor H. Polk, Jr.
Bingham McCutchen LLP
150 Federal St.
Boston, MA 02110

ETRIALS WORLDWIDE, INC.

By: _____
Jack Blumenfeld (1014)
Julia Heaney
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@mnat.com
jheaney@mnat.com

Laurence S. Rogers
Avinash S. Lele
Brian P. Biddinger
ROPES & GRAY LLP
1251 Avenue of the Americas
New York, NY 10020

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| PHT CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 04-60 (GMS) |
| v. | ) | |
| | ) | |
| | ) | |
| | ) | |
| INVIVODATA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| PHT CORPORATION, | ) | |
| | ) | C.A. No. 04-61 (GMS) |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| | ) | |
| CRF, INC., | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| PHT CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 04-821 (GMS) |
| v. | ) | |
| | ) | |
| | ) | |
| | ) | |
| ETRIALS WORLDWIDE, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ACKNOWLEDGMENT</u>

I, _____, acknowledge that I have been provided a

copy of and have read the Protective Order entered in the above-identified actions and that I

fully understand and agree to my obligations pursuant to that Protective Order.  Under

threat of penalty of contempt, I agree to be bound by the terms of the Protective Order, and consent to the jurisdiction of the United States District Court for the District of Delaware for all purposes relating to enforcement of the Protective Order.

DATE: _____           _____