IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PHT CORPORATION, | ) | |
|     Plaintiff, | ) | |
| v. | ) | Civil Action No. 04-60 GMS |
| | ) | |
| INVIVODATA, INC., | ) | |
|     Defendant. | ) | |
| | ) | |
| PHT CORPORATION, | ) | |
|     Plaintiff, | ) | Civil Action No. 04-61 GMS |
| v. | ) | |
| | ) | |
| CRF, INC., | ) | |
|     Defendant. | ) | |
| | ) | |
| PHT CORPORATION, | ) | |
|     Plaintiff, | ) | Civil Action No. 04-821 GMS |
| v. | ) | |
| | ) | |
| ETRIALS WORLDWIDE, INC. | ) | |
|     Defendant. | ) | |

## ORDER

1.     A *Markman* hearing to construe the disputed terms of U.S. Patent No. 6,095,985 (the "'985 patent") is to take place before the court on April 19, 2005.

2.     The court has considered the submissions of the parties concerning the disputed terms, and has determined that there exist certain terms for which the court requires further discussion by the parties:

    a.     the term "subjective data" in claims 22 and 34;

      b.    the terms "each of the components of the health tracker is part of a single unified portable unit" in claim 22 and "a data transmission device of the portable unit" in claim 34;

      c.    the terms "a data transmission device capable of connecting directly to a communication network" in claim 22, "wherein the connection device comprises a modem that is connectable directly to a public telephone network" in claim 39, and "wherein the connection device is connectable directly to a local data network access connection" in claim 40;

3. As to the term "subjective data" in claims 22 and 34, the parties should address whether the patentee acted as its own lexicographer, with specific reference to the following specification language: "the term 'subjective' data will refer to that data which is input by the patient to the data logger 106, regardless of whether that data pertains to the patient or the patient's environment, and whether or not the information is objective or factual. . . ." ('985 patent col. 5, ll. 40-44.)

4. As to the terms "each of the components of the health tracker is part of a single unified portable unit" in claim 22 and "a data transmission device of the portable unit" in claim 34, could the court properly conclude that this is the rare case where the plaintiff's disclaimed the preferred embodiment, *i.e.* the external modem embodiment? The parties should address these requests with reference to *Omega Eng'g, Inc. v. Raytek Corp.*, 334 F.3d 1314 (Fed. Cir. 2003), in which the Federal Circuit stated that a patentee must "*unequivocal[ly] disavow[]* a certain meaning to obtain his patent." *Id.* at 1324 (emphasis added). The parties should also address these requests with reference to *Globetrotter Software, Inc. v. Elan Computer*

*Group, Inc.*, 362 F.3d 1367 (Fed. Cir. 1996), in which the Federal Circuit stated "[a] claim interpretation that excludes a preferred embodiment from the scope of the claim 'is rarely, if ever, correct.'" *Id.* at 1381.  Lastly, the parties should refer to *Elekta Instrument S.A. v. O.U.R. Scientific Int'l, Inc.*, 214 F.3d 1302, 1308 (Fed. Cir. 2000).

5. As to the terms "a data transmission device capable of connecting directly to a communication network" in claim 22, "wherein the connection device comprises a modem that is connectable directly to a public telephone network" in claim 39, and "wherein the connection device is connectable directly to a local data network access connection" in claim 40, could the court properly conclude that the language "particularly useful feature" and "[t]here is no need for connecting the device to a computer or otherwise transmitting the data via a secondary control unit," in the prosecution history, distinguishes the invention from the prior art and disclaims coverage of the preferred embodiment?  Again, the parties should address this request with reference to *Globetrotter Software*, 362 F.3d at 1381, *Omega*, 334 F.3d at 1324, and *Elekta*, 214 F.3d at 1308.

6. The parties have agreed that the following terms need no construction:

   a. claim 22: (1) "a portable personal health tracker comprising;" (2) a time base which tracks a time of recording of the data;" and (3) "a data storage unit in which the data is stored with reference to the time base such as to provide a chronological health history of the subject;"

   b. claim 23: "a portable personal health tracker according to claim 22 wherein the data transmission device comprises a modem;"

c. claim 24: "a portable personal health tracker according to claim 22 wherein the data transmission device connects to a data network via a direct telephone connection;"

d. claim 25: "a portable personal health tracker according to claim 22 wherein the data transmission device connects directly to a data network;"

e. claim 26: "a portable personal health tracker according to claim 22 wherein the health tracker is a handheld device;"

f. claim 27: "a portable personal health tracker according to claim 22 further comprising a message receiver means by which the subject may receive and view messages directed to the data logger;"

g. claim 28: "a portable personal health tracker according to claim 22 comprising a message generator by which the subject may create and send messages;"

h. claim 34: (1) "a personal health tracking system comprising;" (2) "a time base of the portable unit which tracks a time of recording the data;" and (3) "a data storage location remote from the portable unit in which the data is stored with reference to the time base such as to provide a chronological history of the subject's psychological condition;"

I. claim 41: "a personal health tracking system according to claim 34 wherein the data storage location comprises a digital file server;"

The court agrees and will not construe these terms. The parties, therefore, should not discuss them in their respective presentations.

7. Rather than requesting further submissions from the parties, the court will order the parties to allocate their total allotted presentation time at the *Markman* hearing in the manner indicated below.

IT IS HEREBY ORDERED that:

1. Each party shall allocate a sufficient percentage of its total allotted presentation time at the April 19, 2005 *Markman* hearing to enable it to adequately address the topics outlined in ¶¶ 2-5 above.

2. The parties shall not discuss the terms outlined in ¶ 6 above, as the court will not construe those terms.

Dated: April 15, 2005                                 /s/ Gregory M. Sleet
                                                                                 UNITED STATES DISTRICT JUDGE