IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PHT CORPORATION, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Case No. 04-60 GMS |
| INVIVODATA, INC., | ) ) ) ) | |
| Defendant. | ) ) | |
| PHT CORPORATION, | ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Case No. 04-61 GMS |
| CRF, INC., | ) ) ) | |
| Defendant. | ) ) | |
| PHT CORPORATION, | ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Case No. 04-821 GMS |
| ETRIALS WORLDWIDE, INC., | ) ) ) | |
| Defendant. | ) ) | |

**NOTICE OF 30(b)(6) DEPOSITION TO INVIVODATA, INC.**

PLEASE TAKE NOTICE that commencing at 9:30 am on August 16, 2005 at the offices of Young Conaway Stargatt & Taylor, L.L.P., The Brandywine Building, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, Delaware 19899-0391, PHT Corporation ("PHT"),

through its attorneys, will take the deposition of invivodata, Inc. ("invivodata") pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.

At the time of the deposition, invivodata shall designate one or more of its directors, officers, managing agents, or other persons who will testify on behalf of invivodata as to all information known or reasonably available to invivodata regarding the topics listed in Appendix A. As used in Appendix A and in the depositions, all claim terms from the '985 patent should be understood as having the meaning set forth in the Court's May 19, 2005 claim construction order.

The deposition will take place upon oral examination before a notary public or other person authorized to administer oaths, will be recorded by stenographic and sound-and-video means, and will continue from day to day until completed. PHT requests that invivodata notify counsel for PHT in writing of the names of the person or persons designated to testify on behalf of invivodata as soon as practical after such designations have been made.

Respectfully submitted,

Josy W. Ingersoll (#1088)
**YOUNG CONAWAY**
   **STARGATT & TAYLOR, L.L.P.**
The Brandywine Building
1000 West Street, 17th Floor, P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6600

Anthony Herman
N. Whitney Wilson
Scott C. Weidenfeller
**COVINGTON & BURLING**
1201 Pennsylvania Ave., N.W.
Washington, DC 20004-2401
(202) 662-6000

Dated: July 18, 2005    *Attorneys for PHT Corporation*

## Appendix A

1. All facts supporting or relied upon by invivodata relating to PHT's alleged delay in bringing the present lawsuit and whether such alleged delay was unreasonable and inexcusable, and the identity of all individuals and entities that have knowledge related to those facts.

2. All facts supporting or relied upon by invivodata relating to any prejudice invivodata has suffered as a result of PHT's alleged delay in bringing suit against invivodata, and the identity of all individuals and entities that have knowledge related to those facts.

3. All facts supporting or relied upon by invivodata relating to any alleged misleading conduct by PHT which suggested to invivodata that PHT would not bring suit against invivodata, and the identity of all individuals and entities that have knowledge related to those facts.

4. All facts supporting or relied upon by invivodata relating to invivodata's alleged reliance on any alleged misleading conduct by PHT which suggested to invivodata that PHT would not bring suit against invivodata, and the identity of all individuals and entities that have knowledge related to those facts.

5. All facts supporting or relied upon by invivodata relating to alleged prejudice suffered by invivodata as a result of invivodata's alleged reliance on any alleged misleading conduct by PHT which suggested to invivodata that PHT would not bring suit against invivodata, and the identity of all individuals and entities that have knowledge related to those facts.

DB01:1744288.1                                                                                                                                        062907.1001

6. All facts supporting or relied upon by invivodata relating to invivodata's allegation that the '985 patent is either invalid or unenforceable because of prosecution laches, and the identity of all individuals and entities that have knowledge related to those facts.

7. All facts supporting or relied upon by invivodata relating to invivodata's allegation that PHT's claims are barred by the doctrine of unclean hands.

8. The facts regarding and circumstances surrounding invivodata's knowledge of the existence of the '985 patent, and the identity of all individuals and entities that have knowledge related to those facts.

9. Any opinions, including but not limited to, legal opinions, generated by or received by invivodata relating to the validity, enforceability, and/or infringement by invivodata of the '985 patent.

10. Each clinical study invivodata participated in which started or continued after August 1, 2004 and which (1) was conducted in the U.S.; (2) downloaded data from the EPD's to a U.S. location, or (3) loaded software into the EPD's in the U.S., including but not limited to (a) the brand and model number of the electronic patient diary and any cradle used in the trial; (b) the client of CRF or sponsor of trial (might be the same, or different from each other), and the amount of money received by invivodata for the trial.

11. For each electronic patient diary (EPD) used in a clinical study invivodata participated in which started or continued after August 1, 2004 and which (1) was

conducted in the U.S.; (2) downloaded data from the EPD's to a U.S. location, or (3) loaded software into the EPD's in the U.S.:

(a) The nature of the data which may input by the patient into the EPD, including, but not limited to, whether the data is *subjective data*;

(b) The time base which tracks the time of recording of the data;

(c) The data storage unit in which the data is stored;

(d) Technical information regarding the means by which the EPD communicates data to invivodata;

(e) Technical information regarding any external modem used in conjunction with the EPD;

(f) Technical information regarding the means by which invivodata stores the information received from the EPD's;

(g) Technical information regarding the means by which the patient may input data into the EPD.

and the identity of all individuals and entities that have knowledge related to those issues.

12. The identity of any prior art reference which invivodata alleges anticipates any asserted claim of the '985 patent, and for each such reference, the specific portions of the reference relied upon by invivodata.

13. The identity of any prior art reference which invivodata alleges renders obvious, in whole or in part, any asserted claim of the '985 patent, and for each such reference, the specific portions of the reference relied upon by invivodata.

14. All facts supporting or relied upon by invivodata relating to any alleged inequitable conduct committed during prosecution of the '985 patent, and the identity of all individuals and entities that have knowledge related to those facts..

## **CERTIFICATE OF SERVICE**

I, Josy W. Ingersoll, Esquire, hereby certify that on July 18, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Jack B. Blumenfeld, Esquire
>Morris, Nichols, Arsht & Tunnell
>1201 N. Market Street
>Wilmington, DE  19801
>
>Richard L. Horwitz, Esquire
>Potter Anderson & Corroon LLP
>1313 North Market Street
>Wilmington, DE  19801

I further certify that on July 18, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY FEDERAL EXPRESS**

>Laurence S. Rogers, Esquire
>Avinash S. Lele, Esquire
>Ropes & Gray LLP
>1251 Avenue of the Americas
>New York, NY  10020
>
>Cecilia H. Gonzalez, Esquire
>Howrey Simon Arnold & White, LLP
>1299 Pennsylvania Avenue, N.W.
>Washington, DC  20004

Victor H. Polk, Jr., Esquire
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Josy W. Ingersoll (No. 1088)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
jingersoll@ycst.com

Attorneys for PHT Corporation