IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PHT CORPORATION,<br><br>        Plaintiff,<br>v.<br><br>INVIVODATA, INC.,<br><br>        Defendant. | Civil Case No. 04-60 GMS |
| PHT CORPORATION,<br><br>        Plaintiff,<br>v.<br><br>CRF, INC.,<br><br>        Defendant. | Civil Case No. 04-61 GMS |
| PHT CORPORATION,<br><br>        Plaintiff,<br>v.<br><br>ETRIALS WORLDWIDE, INC.,<br><br>        Defendant. | Civil Case No. 04-821 GMS |

**NOTICE OF 30(b)(6) DEPOSITION TO ETRIALS WORLDWIDE, INC.**

PLEASE TAKE NOTICE that commencing at 9:30 am on August 31, 2005 at the offices

of Young Conaway Stargatt & Taylor, L.L.P., The Brandywine Building, 1000 West Street,

17th Floor, P.O. Box 391, Wilmington, Delaware 19899-0391, PHT Corporation ("PHT"),

through its attorneys, will take the deposition of etrials Worldwide, Inc. ("etrials") pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.

At the time of the deposition, etrials shall designate one or more of its directors, officers, managing agents, or other persons who will testify on behalf of etrials as to all information known or reasonably available to etrials regarding the topics listed in Appendix A.  As used in Appendix A and in the depositions, all claim terms from the '985 patent should be understood as having the meaning set forth in the Court's May 19, 2005 claim construction order.

The deposition will take place upon oral examination before a notary public or other person authorized to administer oaths, will be recorded by stenographic and sound-and-video means, and will continue from day to day until completed.  PHT requests that etrials notify counsel for PHT in writing of the names of the person or persons designated to testify on behalf of etrials as soon as practical after such designations have been made.

Respectfully submitted,

_____
Josy W. Ingersoll (#1088)
Adam W. Poff (#3990)
**YOUNG CONAWAY**
   **STARGATT & TAYLOR, L.L.P.**
The Brandywine Building
1000 West Street, 17th Floor, P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6600

Anthony Herman
N. Whitney Wilson
Scott C. Weidenfeller
**COVINGTON & BURLING**
1201 Pennsylvania Ave., N.W.
Washington, DC 20004-2401
(202) 662-6000

Dated: July 19, 2005                    *Attorneys for PHT Corporation*

## Appendix A

1. All facts supporting or relied upon by etrials relating to PHT's alleged delay in bringing the present lawsuit and whether such alleged delay was unreasonable and inexcusable, and the identity of all individuals and entities that have knowledge related to those facts.

2. All facts supporting or relied upon by etrials relating to any prejudice etrials has suffered as a result of PHT's alleged delay in bringing suit against etrials, and the identity of all individuals and entities that have knowledge related to those facts.

3. All facts supporting or relied upon by etrials relating to etrials's allegations that PHT or anyone involved with the prosecution or maintenance of the '985 patent failed to comply with any portion of Part II, Title 35 of the United States Code, and the identity of all individuals and entities that have knowledge relating to those facts.

4. The facts regarding and circumstances surrounding etrials's knowledge of the existence of the '985 patent, and the identity of all individuals and entities that have knowledge related to those facts.

5. Any opinions, including but not limited to, legal opinions, generated by or received by etrials relating to the validity, enforceability, and/or infringement by etrials of the '985 patent.

6. Each clinical study etrials participated in which started or continued after August 1, 2000 and which (1) was conducted in the U.S.; (2) downloaded data from the

EPD's to a U.S. location, or (3) loaded software into the EPD's in the U.S., including but not limited to (a) the brand and model number of the electronic patient diary and any cradle used in the trial; (b) the client of CRF or sponsor of trial (might be the same, or different from each other), and the amount of money received by etrials for the trial.

7. For each electronic patient diary (EPD) used in a clinical study etrials participated in which started or continued after August 1, 2000 and which (1) was conducted in the U.S.; (2) downloaded data from the EPD's to a U.S. location, or (3) loaded software into the EPD's in the U.S.:

(a) The nature of the data which may input by the patient into the EPD, including, but not limited to, whether the data is *subjective data*;

(b) The time base which tracks the time of recording of the data;

(c) The data storage unit in which the data is stored;

(d) Technical information regarding the means by which the EPD communicates data to etrials;

(e) Technical information regarding any external modem used in conjunction with the EPD;

(f) Technical information regarding the means by which etrials stores the information received from the EPD's;

(g) Technical information regarding the means by which the patient may input data into the EPD.

and the identity of all individuals and entities that have knowledge related to those issues.

8. The identity of any prior art reference which etrials alleges anticipates any asserted claim of the '985 patent, and for each such reference, the specific portions of the reference relied upon by etrials.

9. The identity of any prior art reference which etrials alleges renders obvious, in whole or in part, any asserted claim of the '985 patent, and for each such reference, the specific portions of the reference relied upon by etrials.

10. All facts supporting or relied upon by etrials relating to etrials's allegations that any claim of the '985 patent is invalid for failure to comply with the any of the provisions of 35 U.S.C. §§ 101 or 112, and the identity of all individuals and entities that have knowledge relating to those facts.

11. All facts supporting or relied upon by etrials relating to any etrials's allegation that this case in an exceptional case and that etrials should be awarded costs and attorneys fees, and the identity of all individuals and entities that have knowledge related to those facts.

## **CERTIFICATE OF SERVICE**

I, Adam W. Poff, Esquire, hereby certify that on July 19, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Jack B. Blumenfeld, Esquire
> Morris, Nichols, Arsht & Tunnell
> 1201 N. Market Street
> Wilmington, DE 19801
>
> Richard L. Horwitz, Esquire
> Potter Anderson & Corroon LLP
> 1313 North Market Street
> Wilmington, DE 19801

I further certify that on July 19, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY FEDERAL EXPRESS**

> Laurence S. Rogers, Esquire
> Avinash S. Lele, Esquire
> Ropes & Gray LLP
> 1251 Avenue of the Americas
> New York, NY 10020
>
> Cecilia H. Gonzalez, Esquire
> Howrey Simon Arnold & White, LLP
> 1299 Pennsylvania Avenue, N.W.
> Washington, DC 20004

Victor H. Polk, Jr., Esquire
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Adam W. Poff (No. 3990)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
apoff@ycst.com

Attorneys for PHT Corporation