## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PHT CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Case No. 04-60 GMS |
| ) | |
| ) | |
| INVIVODATA, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| PHT CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Case No. 04-61 GMS |
| ) | |
| ) | |
| CRF, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |
| PHT CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Case No. 04-821 GMS |
| ) | |
| ) | |
| ETRIALS WORLDWIDE, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## REVISED NOTICE OF 30(b)(6) DEPOSITION TO CRF, INC.

PLEASE TAKE NOTICE that commencing at 9:30 am on July 26, 2005 at the offices of

Young Conaway Stargatt & Taylor, L.L.P., The Brandywine Building, 1000 West Street, 17th

Floor, P.O. Box 391, Wilmington, Delaware 19899-0391,  PHT Corporation ("PHT"), through

its attorneys, will take the deposition of CRF, Inc. ("CRF") pursuant to Rule 30(b)(6) of the

Federal Rules of Civil Procedure.

CRF shall designate one or more of its directors, officers, managing agents, or other

persons who will testify on behalf of CRF as to all information known or reasonably available to

CRF regarding the topics listed in Appendix A. As used in Appendix A and in the deposition, all

claim terms from the '985 patent should be understood as having the meaning set forth in the

Court's May 19, 2005 claim construction order.

The deposition will take place upon oral examination before a notary public or other

person authorized to administer oaths, will be recorded by stenographic and sound-and-video

means, and will continue from day to day until completed. PHT requests that CRF notify

counsel for PHT in writing of the names of the person or persons designated to testify on behalf

of CRF as soon as practical after such designations have been made.

Respectfully submitted,

_____

Josy W. Ingersoll (#1088)
Adam W. Poff (#3990)
**YOUNG CONAWAY
    STARGATT & TAYLOR, L.L.P.**
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6600

Anthony Herman
N. Whitney Wilson
Scott C. Weidenfeller
**COVINGTON & BURLING**
1201 Pennsylvania Ave.
Washington, DC 20004-2401
(202) 662-6000

Dated: July 20, 2005            *Attorneys for PHT Corporation*

## Appendix A

1.  All facts supporting or relied upon by CRF relating to PHT's alleged delay in bringing the present lawsuit and whether such alleged delay was unreasonable and inexcusable and the identity of all individuals and entities that have knowledge related to those facts

2.  All facts supporting or relied upon by CRF relating to any prejudice CRF has suffered as a result of PHT's alleged delay in bringing suit against CRF and the identity of all individuals and entities that have knowledge related to those facts.

3.  All facts supporting or relied upon by CRF relating to any alleged misleading conduct by PHT which suggested to CRF that PHT would not bring suit against CRF and the identity of all individuals and entities that have knowledge related to those facts.

4.  All facts supporting or relied upon by CRF relating to CRF's alleged reliance on any alleged misleading conduct by PHT which suggested to CRF that PHT would not bring suit against CRF and the identity of all individuals and entities that have knowledge related to those facts.

5.  All facts supporting or relied upon by CRF relating to alleged prejudice suffered by CRF as a result of CRF's alleged reliance on any alleged misleading conduct by PHT which suggested to CRF that PHT would not bring suit against CRF and the identity of all individuals and entities that have knowledge related to those facts.

DB01:1754003.1

062907.1001

6.   All facts supporting or relied upon by CRF relating to CRF's allegation that the '985 patent is either invalid or unenforceable because of prosecution laches and the identity of all individuals and entities that have knowledge related to those facts.

7.   All facts supporting or relied upon by CRF relating to CRF's allegation that PHT's claims are barred by the doctrine of unclean hands and the identity of all individuals and entities that have knowledge related to those facts.

8.   All facts supporting or relied upon by CRF relating to CRF's allegation that PHT's claims are barred by PHT's alleged misuse of the '985 patent and the identity of all individuals and entities that have knowledge related to those facts.

9.   The facts regarding and circumstances surrounding CRF's knowledge of the existence of the '985 patent and the identity of all individuals and entities that have knowledge related to those facts.

10.  Any opinions, including but not limited to, legal opinions, generated by or received by CRF relating to the validity, enforceability, and/or infringement by CRF of the '985 patent.

11.  For each electronic patient diary (EPD) used in a clinical study CRF participated in which started or continued after August 1, 2000 and which (1) was conducted in the U.S.; (2) downloaded data from the EPD's to a U.S. location, or (3) loaded software into the EPD's in the U.S.:

4

(a)  The nature of the data which may input by the patient into the EPD, including, but not limited to, whether the data is ***subjective data***;

(b)  The time base which tracks the time of recording of the data;

(c)  The data storage unit in which the data is stored;

(d)  Technical information regarding the means by which the EPD communicates data to CRF;

(e) Technical information regarding any external modem used in conjunction with the EPD;

(f) Technical information regarding the means by which CRF stores the information received from the EPD's;

(g) Technical information regarding the means by which the patient may input data into the EPD;

and the identity of all individuals and entities that have knowledge related to these issues.

12.     The identity of any prior art reference which CRF alleges anticipates any asserted claim of the '985 patent, and for each such reference, the specific portions of the reference relied upon by CRF.

13.     The identity of any prior art reference which CRF alleges renders obvious, in whole or in part, any asserted claim of the '985 patent, and for each such reference, the specific portions of the reference relied upon by CRF.

DB01:1754003.1                                                                 062907.1001

14.    All facts supporting or relied upon by CRF relating to any alleged inequitable

conduct committed during prosecution of the '985 patent and the identity of all

individuals and entities that have knowledge related to those facts.

## CERTIFICATE OF SERVICE

I, Adam W. Poff, Esquire, hereby certify that on July 20, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Jack B. Blumenfeld, Esquire
> Morris, Nichols, Arsht & Tunnell
> 1201 N. Market Street
> Wilmington, DE  19801

> Richard L. Horwitz, Esquire
> Potter Anderson & Corroon LLP
> 1313 North Market Street
> Wilmington, DE  19801

I further certify that on July 20, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY FEDERAL EXPRESS**

> Laurence S. Rogers, Esquire
> Avinash S. Lele, Esquire
> Ropes & Gray LLP
> 1251 Avenue of the Americas
> New York, NY  10020

> Cecilia H. Gonzalez, Esquire
> Howrey Simon Arnold & White, LLP
> 1299 Pennsylvania Avenue, N.W.
> Washington, DC  20004

Victor H. Polk, Jr., Esquire
Bingham McCutchen LLP
150 Federal Street
Boston, MA  02110


YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____

Adam W. Poff  (No. 3990)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600
apoff@ycst.com

Attorneys for PHT Corporation