IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PHT CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> INVIVODATA, INC. ) <br> ) <br> Defendant. ) | C. A. No. 04-60 (GMS) |
| PHT CORPORATION, ) <br> ) <br> Plaintiffs ) <br> ) <br> v. ) <br> ) <br> CRF, INC., ) <br> ) <br> Defendant. ) | C. A. No. 04-61 (GMS) |
| PHT CORPORATION, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> ETRIALS WORLDWIDE, INC. ) <br> ) <br> Defendant. ) | C. A. No. 04-821 (GMS) |

## NOTICE OF RULE 30(B)(6) DEPOSITION OF PHT

To PHT Corporation ("PHT") and its attorneys of record.

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant invivodata, Inc. ("invivodata"), by its attorneys, will take the deposition of PHT Corporation ("PHT"). The deposition will take begin at 9:30 a.m. on September 15, 2005, at the offices of Howrey LLP, 1299 Pennsylvania Ave., N.W., Washington, D.C. 20004, or at some other time and place mutually agreed upon by counsel.

PHT is instructed, pursuant to Fed. R. Civ. P. 30(b)(6) to designate one or more officers, directors, managing agents, or other persons who are most qualified to testify on its behalf about each of the topics set forth below. If PHT does not presently have a witness to designate for each of the topics set forth below, then PHT is required to educate a witness as to its position with respect to each such topic. Invivodata requires that at least 48 hours prior to the commencement of the deposition PHT supply a written designation of person(s) who will testify on its behalf and an indication of the topic(s) for which each such person is designated.

The deposition will take place upon oral examination pursuant to Federal Rules of Civil Procedure before an officer duly authorized by law to administer oaths and record testimony. The testimony will be recorded by stenographic means and may be videotaped. The deposition will continue from day to day until completed or adjourned.

The Definitions set forth in Invivodata, Inc.'s First Set of Interrogatories to PHT Corporation are incorporated herein.

The deposition will cover the following topics:

1. Organizational and company structure, including particularly the individual(s), division(s) or other business unit(s) that are of have been responsible for and/or involved in development, sales, licensing and marketing of electronic patient diaries, and licensing and/or ownership of the '985 patent.

2. The development of PHT's electronic patient diary products and services, and the technology claimed in the '985 patent.

3. The conception and reduction to practice of the alleged inventions claimed in the '985 patent.

4. The operation, structure, function, and architecture of PHT's products and services related to electronic patient diaries.

5. Any past or current marking of PHT's products or licensed products to identify the '985 patent pursuant to 35 U.S.C. § 287.

6. Any past or current licensing of the '985 patent, including entities and individuals contacted, license agreements, revenue generated, and decisions not to license and/or unsuccessful attempts to license the '985 patent.

7. PHT's awareness and knowledge of invivodata's products prior to filing the complaint, including PHT's first awareness and knowledge of invivodata's products, and any communications between PHT and invivodata regarding the '985 patent prior to the filing of the complaint.

8. The factual bases behind PHT's contention that invivodata infringes the '985 patent, including the existence and substance of any prefiling investigation and PHT's basis for filing suit.

9. PHT's decision to file suit against invivodata and all discussions surrounding such decision.

10. All communications between PHT and third parties regarding this lawsuit, the '985 patent, infringement of the '985 patent by invivodata, or invivodata's products.

11. The prosecution of the '985 patent, and any parent patent applications, including the existence and results of any prior art searches.

12. PHT's knowledge of any potential prior art to the '985 patent prior to its issuance, including any prior art publications or systems identified by invivodata in response to PHT's Interrogatory No. 5.

13. PHT's knowledge of any electronic diaries prior to the issuance of the '985 patent, including any research or studies in which an Apple Newton was used as a patient diary.

14. PHT's marketing, market share, and competitors in the electronic patient diary market from 1994 to the present, including competition with invivodata, competition analysis performed, and contracts lost and won.

15. PHT's sales strategies, licensing strategies, cost and price structures related to PHT's products and services.

16. The factual bases supporting PHT's contention that it is entitled to damages, whether a reasonable royalty or lost profits.

17. The factual bases supporting PHT's contention that the '985 patent is commercially successful.

18. PHT's acquisition or licensing of assets or intellectual property from Brigham & Women's Hospital, including all factual bases for PHT's statement in its complaint that "PHT is Brigham's exclusive licensee to the '985 patent," and the terms of any licenses and pricing terms between PHT and Brigham & Women's Hospital.

19. The existence and substance of any past or current contracts between or among PHT, Brigham and Women's Hospital, and any named inventors of the '985 patent.

20. PHT's past, current, and projected, costs, revenues, profits, and/or losses from its operations by product and by customer.

21. PHT's search for and collection and production of documents and things in response to invivodata's discovery requests, including the files and documents searched of present and past PHT employees.

22. Any valuations of the '985 patent.

23. Any licenses, covenants not to sue or any other agreement granting rights in intellectual property, including patents, to which PHT is a party, including terms and prices of such licenses, prevailing or established fees, and/or royalties related to PHT's business or its competitors.

24. PHT's document retention policies and procedures from 2000 through the present.

25. PHT's Initial Disclosures and PHT's responses and supplemental responses to invivodata's First Set of Requests for Production of Documents and Things and invivodata's First Set of Interrogatories.

POTTER ANDERSON & CORROON LLP

By: _____
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

OF COUNSEL:

Victor H. Polk, Jr.
Lawrence T. Stanley, Jr.
BINGHAM McCUTCHEN LLP
150 Federal Street
Boston, MA  02110
(617) 951-8000

Dated: July 29, 2005

*Attorneys for Defendant invivodata, Inc.*

692753

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on July 29, 2005, the attached document was served via hand delivery and electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

| | |
|---|---|
| Josy W. Ingersoll<br>Young Conaway Stargatt & Taylor, L.L.P.<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19801 | Jack B. Blumenfeld<br>Morris, Nichols, Arsht & Tunnell<br>1201 North Market Street<br>Wilmington, DE 19801 |

I hereby certify that on July 29, 2005, I have Federal Expressed the documents to the following non-registered participants:

| | |
|---|---|
| Anthony Herman<br>Whitney Wilson<br>Joseph B. Topmiller<br>Covington & Burling<br>1201 Pennsylvania Avenue<br>Washington, DC 20001-2401 | Cecilia H. Gonzalez<br>Brian Rosenthal<br>Howrey Simon Arnold & White, LLP<br>1299 Pennsylvania Ave., N.W.<br>Washington, D.C. 20004 |
| Victor H. Polk, Jr.<br>Lawrence T. Stanley, Jr.<br>Bingham McCutchen LLP LLP<br>150 Federal Street<br>Boston, MA 02110 | Avenish S. Lele<br>Ropes & Gray<br>Fish & Neave IP Group<br>1251 Avenue of the Americas<br>New York, NY 10020-1104 |

By: _____
Richard L. Horwitz
David E. Moore
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

679227